NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORETTA JEAN ALFORD,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-2151

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-21-0448-I-1.

---

Decided: March 11, 2022

---

LORETTA JEAN ALFORD, Dale City, VA, pro se.

ELIZABETH WARD FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before DYK, SCHALL, and TARANTO, *Circuit Judges.*

PER CURIAM.

Loretta Jean Alford petitions for review of a final decision of the Merit Systems Protection Board ("MSPB" or "Board"). The Board dismissed Ms. Alford's appeal of her non-selection for a position with the Committee for Purchase from People who are Blind and Severely Handicapped ("AbilityOne Commission") for lack of jurisdiction. We *affirm*.

## BACKGROUND

In February 2021, Ms. Alford applied for the position of Oversight and Compliance Specialist with the AbilityOne Commission. Ms. Alford had previously worked in the position before being removed for misconduct in July 2014. Although Ms. Alford initially received an automated response notifying her that she was "tentatively eligible" for the position, she was never selected for an interview. S.A. 2.[1] In May 2021, she was advised that she had not been selected for the position.

Ms. Alford appealed her non-selection to the MSPB, arguing that it had jurisdiction over her appeal because her non-selection was an act of whistleblower reprisal for various disclosures Ms. Alford had made to the U.S. House of Representatives Committee on Oversight and Reform and other government agencies between 2012 and May 2021. Ms. Alford also asserted the MSPB had jurisdiction over her appeal as an employment practices claim. In an initial decision issued on June 30, 2021, an Administrative Judge ("AJ") dismissed Ms. Alford's appeal for lack of jurisdiction.

With respect to Ms. Alford's employment practices claim, the AJ found that Ms. Alford had "not asserted that

---

[1] References to the Supplemental Appendix ("S.A.") are to the appendix filed with the MSPB's Informal Brief, ECF No. 18.

any specific [Office of Personnel Management ("OPM")] examination, qualification standard, test or measurement instrument resulted in, or was connected to, her nonselection," nor had she otherwise identified any "basic requirement" that was missing from a standard that OPM had used in determining not to select her. S.A. 7. Regarding her whistleblower reprisal claim, the AJ explained that the Board could exercise jurisdiction over that claim only if Ms. Alford had exhausted her administrative remedies before the Office of Special Council ("OSC"). *See* S.A. 8; 5 U.S.C. § 1214(a)(3). The AJ concluded that Ms. Alford had "provide[d] no indication that she ha[d] filed a complaint with OSC alleging whistleblower retaliation with respect to her nonselection, or any other action." S.A. 9.

Because neither party filed a petition for review with the full Board, the AJ's initial decision became the final decision of the MSPB on August 4, 2021. Ms. Alford petitions for review to this court. We have jurisdiction to review a final Board decision pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Whether the MSPB has jurisdiction over an appeal is a question of law that we review de novo. *See Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017). The MSPB may exercise jurisdiction over administrative appeals only when authorized by a "law, rule, or regulation." 5 U.S.C. § 7701(a). We agree with the AJ that Ms. Alford has failed to establish that the Board has jurisdiction over her appeal.

Ms. Alford argues that her non-selection for employment by OPM was the result of improper "employment practices." We have held that "an unsuccessful candidate for a federal civil service position generally has no right to appeal his or her non-selection to the [B]oard." *Ricci v. Merit Sys. Prot. Bd.*, 953 F.3d 753, 757 (Fed. Cir. 2020). An exception to that rule exists when an applicant believes that OPM applied an improper "employment practice."

*Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 887 (Fed. Cir. 1998); 5 C.F.R. § 300.104(a).  An employment practice is defined by regulation as any practice that affects "the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service."  5 C.F.R. § 300.101.  Although "'employment practice' is . . . construed broadly," it does not encompass "an individual agency action or decision that is not made pursuant to a rule or practice," such as an irregularity in the selection process.  *Prewitt*, 133 F.3d at 887.

Here, Ms. Alford has not alleged any improper employment practice that OPM allegedly applied to her application.  Although her appeal to the Board cited to basic requirements for federal employment practices, *see* 5 C.F.R. § 300.103, she failed to identify which of the basic requirements OPM allegedly violated by not selecting her for employment.

Ms. Alford's whistleblower reprisal argument is similarly flawed.  The Board has jurisdiction over an individual-right-of-action appeal under the Whistleblower Protection Act, 5 U.S.C. § 1221, only "if the appellant has exhausted her administrative remedies before the OSC." *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020) (citations omitted).  An appellant may establish that she exhausted administrative remedies by showing that she filed a request for corrective action with OSC and that OSC has either notified her that it has terminated the investigation into her request or that 120 days have passed without notice from OSC of termination of its investigation. 5 U.S.C. § 1214(a)(3)(A)(i), (B).  Here, Ms. Alford has made no showing that she filed a request for corrective action with OSC, much less that she has satisfied the requirements for administrative exhaustion.

We therefore conclude that the AJ's dismissal of Ms. Alford's appeal for lack of jurisdiction was proper.  We have

considered Ms. Alford's other arguments, but they are not relevant to the issue of jurisdiction.

**AFFIRMED**

Costs

No costs.