NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEAN SENECA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Intervenor*

---

2020-1842

---

Petition for review of the Merit Systems Protection Board in No. DC-0731-16-0470-I-1.

---

Decided: September 26, 2022

---

DENNIS GRADY CHAPPABITTY, Elk Grove, CA, argued for petitioner.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

MATTHEW JUDE CARHART, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, argued for intervenor.  Also represented by JEFFREY B. CLARK, SR., ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.

————————————

Before PROST, TARANTO, and STOLL, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Dean Seneca, an employee of the Centers for Disease Control and Prevention (CDC), which is a component of the Department of Health and Human Services (HHS), applied for a higher level position at another HHS component, the National Institutes of Health (NIH).  NIH sent him a letter stating that it had selected him for the position, with appointment to take effect a month later, but within a week of sending that letter, NIH rescinded the promotion offer, well before the effective date of the appointment.  Mr. Seneca appealed the promotion rescission to the Merit Systems Protection Board.  The Board dismissed Mr. Seneca's appeal, determining that it lacked jurisdiction to review NIH's action, which it concluded was a non-selection for a specific position and not a reviewable "suitability action" under 5 C.F.R. pt. 731.  *Seneca v. Department of Health and Human Services*, No. DC-0731-16-0470-I-1, 2016 WL 4088357 (M.S.P.B. July 26, 2016) (*Board Opinion*) (hereafter cited with page numbers shown at Appx. 1–9).  We affirm.

I

On March 3, 2016, Mr. Seneca received a letter from NIH "confirm[ing]" his promotion to the position of Health Science Policy Analyst, "with an effective date of April 3, 2016."  Supp. App'x (S.A.) 77.  On March 8, 2016, however, Mr. Seneca received another letter from NIH, notifying him that the promotion offer was rescinded due to "information received."  S.A. 78.

Mr. Seneca appealed the rescission to the Board. He alleged that the rescission by HHS (through NIH) constituted a negative "suitability action"—based, he said, on an improper "constructive" negative suitability determination—which was appealable under the grant to the Board of jurisdiction to review "a suitability action." 5 C.F.R. § 731.501(a); *see also id.* § 1201.3(a)(9) (jurisdiction to review "suitability action"). Although Mr. Seneca also alleged that the NIH promotion rescission violated certain other statutory and constitutional rights of his, those allegations of wrong are not asserted to provide an independent basis of Board jurisdiction: It is undisputed before us that the Board's jurisdiction over Mr. Seneca's appeal depends on whether the NIH action was a suitability action appealable under 5 C.F.R. § 731.501(a).

HHS moved to dismiss the appeal for lack of jurisdiction, arguing that NIH's promotion rescission was not a suitability action (indeed, not based on a determination of Mr. Seneca's suitability for federal employment) and, in particular, that it was a non-selection for a specific position, which, under 5 C.F.R. § 731.203(b), is "*not* a suitability action," *id.* (emphasis in original). The administrative judge assigned to the case stayed discovery deadlines and ordered Mr. Seneca to address the Board's jurisdiction by furnishing "evidence and argument amounting to a nonfrivolous allegation" to support the asserted basis of jurisdiction. S.A. 30; *see also* S.A. 60–61. In response, Mr. Seneca asserted that the promotion rescission was a "[c]ancellation of eligibility," which is one of the "suitability action[s]" listed in § 731.203(a).

On July 26, 2016, the administrative judge, rejecting Mr. Seneca's assertion, dismissed Mr. Seneca's appeal without a hearing. *Board Opinion* at 3–4. To establish jurisdiction under § 731.501(a), the administrative judge stated, the promotion rescission needed to come within § 731.203(a), which defines "suitability action" as a cancellation of eligibility, removal, cancellation of reinstatement

eligibility, or debarment, and also needed to fall outside § 731.203(b), which excludes a non-selection for a specific position from the category of suitability actions. The administrative judge, without repeating the nonfrivolous-allegation standard he had recited earlier, concluded that the promotion rescission was a non-selection for a specific position, before the proposed appointment ever occurred, and was not a suitability action, leaving the Board without jurisdiction here. *Board Opinion* at 3.

The administrative judge's decision became the final decision of the Board on March 27, 2020, after Mr. Seneca was permitted by the Clerk of the Board to withdraw his request for the full Board to review the administrative judge's decision. Mr. Seneca timely appealed within the allowed 60 days. 5 U.S.C. § 7703(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Mr. Seneca challenges the Board's determination that it lacked jurisdiction and its stay of discovery before deciding the jurisdictional issue. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c). We review the Board's jurisdictional ruling de novo, *Stoyanov v. Department of Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007), and the Board's discovery ruling for an abuse of discretion, *Curtin v. Office of Personnel Management*, 846 F.2d 1373, 1378 (Fed. Cir. 1988).

## A

An employee appealing to the Board generally has the burden of establishing, by a preponderance of the evidence, that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A); *Stoyanov*, 474 F.3d at 1379. At the

threshold, the employee must make "non-frivolous allegations that, if proven, could establish the Board's jurisdiction," *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc), which requires a "plausible" allegation of the elements material under the asserted jurisdictional standard, 5 C.F.R. § 1201.4(s)(2); *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020). Without such allegations, dismissal without a hearing is appropriate. *Garcia*, 437 F.3d at 1325.

The Board does not have plenary appellate jurisdiction over personnel actions. *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012). Its jurisdiction is limited to actions made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a). Here, only one basis for Board jurisdiction is asserted.

Under regulations promulgated by the Office of Personnel Management (OPM), the Board has jurisdiction to review a "suitability action" taken against a person by an agency with OPM-delegated authority. 5 C.F.R. § 731.501(a); *see id.* § 1201.3(a)(9). The definitional regulation first states that, for purposes of 5 C.F.R. pt. 731, "a suitability action is one or more of the following: (1) Cancellation of eligibility; (2) Removal; (3) Cancellation of reinstatement eligibility; and (4) Debarment." *Id.* § 731.203(a). It immediately adds, however:

> A non-selection, or cancellation of eligibility for a specific position based on an objection to an eligible or pass over of a preference eligible under 5 CFR 332.406, is *not* a suitability action even if it is based on reasons set forth in § 731.202.

*Id.* § 731.203(b) (emphasis in original). The referred-to § 731.202 identifies the "[c]riteria for making suitability determinations," which govern the determination on which a "suitability action" is to be based. *See id.* § 731.203(c) ("A suitability action may be taken against an applicant or an

appointee when OPM or an agency exercising delegated authority under this part finds that the applicant or appointee is unsuitable for the reasons cited in § 731.202, subject to the agency limitations of § 731.103(g).").

It is sufficient to affirm the Board's dismissal for want of jurisdiction that this case comes within the express exclusion from what constitutes a "suitability action" stated in § 731.203(b) under our precedent. We do not address whether NIH's action also falls outside the list of "suitability actions" in § 731.203(a), considered separately from § 731.203(b). Mr. Seneca, in his brief to us, has not argued that the Board mistakenly relied on § 731.203(b).

In *Ricci v. Merit Systems Protection Board*, 953 F.3d 753, 757 (Fed. Cir. 2020), we held that a revocation of a tentative offer of employment before the offered appointment took effect was a non-selection for a vacant position that came within § 731.203(b), which we read as excluding a "non-selection . . . for a specific position" from the scope of "suitability action." That holding reflects the subsection's history as well as language. In 2008, OPM amended its preexisting regulations on suitability actions by, among other things, both removing "denial of appointment" from the list of "suitability actions" in § 731.203(a) and adding what is now § 731.203(b). *See* Suitability, 73 Fed. Reg. 20149, 20150–51 (OPM Final Rule, Apr. 15, 2008) (*Final Rule*); *compare* 5 C.F.R. § 731.203 (2007), *with* 73 Fed. Reg. at 20157 (amended regulation, matching current form as relevant here). In proposing the changes, OPM explained that its changes would "remove 'denial of appointment' as a suitability action, as currently defined in § 731.203" and "confirm that a non-selection for a specific position based on reasons set forth in this part is not a suitability action." Suitability, 72 Fed. Reg. 2203, 2203 (OPM Proposed Rule, Jan. 18, 2007).

The Board concluded that the exclusion stated in § 731.203(b) applies to this case. The key question for

application of that subsection on the motion to dismiss in this case is whether Mr. Seneca, through his evidence and argument, made a nonfrivolous allegation that the scope of NIH's action went beyond "non-selection" of Mr. Seneca for the "specific position" at issue—that some broader action was taken. Mr. Seneca has not shown that the Board erred in answering that question "no."[1]

The rescission occurred before an appointment had taken effect. The NIH action was not something other than a non-selection just because it was made on second rather than first thought or because the initial selection (unlike the one in *Ricci*) was not expressly tentative. And, crucially, Mr. Seneca has identified no plausible basis, in the materials considered by the Board as constituting his allegations, for viewing the NIH action as broader in scope than simply a non-selection for the specific position.

It makes no difference whether, as Mr. Seneca suggests, NIH's action stemmed from a determination that he was unsuitable for reasons that could have supported a "suitability action." As noted above, § 731.203(b) says that a non-selection as described is excluded from being a "suitability action" even if it was based on the same criteria that can be used to support a negative suitability determination, *see* 5 C.F.R. § 731.202, to give rise to one of the "suitability actions" listed in § 731.203(a). Relatedly, nor would it make a difference if NIH's action, though limited to a

---

[1] Mr. Seneca does not object in this court to the Board's failure to repeat the nonfrivolous-allegation standard in its ruling on the dismissal motion or to the Board's consideration of the invited and submitted evidence in that ruling. In this circumstance, we treat the Board as having concluded that Mr. Seneca's submissions did not include or add up to a plausible allegation of the scope of the NIH's action (something more than a non-selection for a specific position) essential to escaping § 731.203(b).

non-selection for a specific position, could be characterized as a "constructive" suitability action.  Before 2008, the Board had found jurisdiction over such a "constructive" suitability action, *see Edwards v. Department of Justice*, 87 M.S.P.R. 518, 521–24 (2001), but as we have recognized, OPM's 2008 regulatory change rejected such a basis for Board jurisdiction, *see Final Rule*, 73 Fed. Reg. at 20152–53 (characterizing *Edwards* as an "incorrect reading of the authority that OPM conferred" on the Board and "agreeing that the proposed change would overrule *Edwards*"); *Ricci*, 953 F.3d at 759 ("OPM specifically rejected *Edwards'* holding that the board can exercise jurisdiction over 'constructive' suitability actions . . . .").

In short, under *Ricci*, NIH's action comes within § 731.203(b) and therefore is "*not* a suitability action" reviewable by the Board.  For that reason, Mr. Seneca did not make a nonfrivolous allegation that the Board had jurisdiction over his appeal.

B

Mr. Seneca asserts that the Board's stay of discovery was a harmful error because it deprived him of his right to fairly present his case for jurisdiction.  "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." *Curtin*, 846 F.2d at 1378; *see* 5 C.F.R. §§ 1201.71–.72.  For Mr. Seneca to prevail, moreover, any error had to have "caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Curtin*, 846 F.2d at 1379. We cannot so find here.

Mr. Seneca does not argue to us that discovery would have turned up evidence that the NIH action was actually of broader scope than non-selection for the specific position. Rather, he argues only that he should have been given discovery to uncover the specifics of the information that motivated the promotion rescission.  But Mr. Seneca has not explained how the content of the "information received" by

the agency could affect anything but the reasons for NIH's action. And under § 731.203(b), the reasons for the agency action are a quite separate matter from the scope of the action taken: An action limited to a non-selection for a specific position remains unreviewable even if it was taken for reasons that would support a negative suitability determination that could be used to take a broader action qualifying as a reviewable "suitability action." Thus, even if Mr. Seneca had access through discovery to the "information received" by NIH and the information was related to any of the suitability determination criteria set out in 5 C.F.R. § 731.202, the outcome of his appeal to the Board would be the same: dismissal for lack of Board jurisdiction. As a result, we see no error in the administrative judge's stay of discovery in the first place and in any event no basis for finding any error to be harmful.

## III

For the foregoing reasons, we affirm the decision of the Board.

The parties shall bear their own costs.

## **AFFIRMED**