**Ralph M. MALONE, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 01–3261.**

United States Court of Appeals, Federal Circuit.

Dec. 4, 2001.

Before CLEVENGER, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Ralph M. Malone seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *Malone v. United States Postal Serv.*, No. SF0353010119–I–1 (March 30, 2001). We *affirm*.

I

Mr. Malone was previously employed by the U.S. Postal Service ("agency") in the 1970s. In May 1973, a few months after he began work, Mr. Malone suffered an on-the-job injury. After extended periods of absence from work beginning in 1973, Mr. Malone was granted a disability retirement in 1978. Thereafter, he received disability retirement benefits. In 1996, Mr. Malone sought reemployment with the agency. He was selected for a position and served from August 26, 1996, until September 26, 1996, when he was removed. The grounds for his removal was that he had falsified his job application in 1996 by failing to disclose that he was a former postal service employee who had retired due to a work-related disability and had since been receiving disability retirement benefits. Mr. Malone appealed his removal to the Board. The Board held that it lacked jurisdiction to hear the appeal because Mr. Malone had not completed one year of continuous service. This court affirmed that ruling. *See Malone v. Merit Sys. Prot. Bd.*, No. 97–3277, 1997 U.S.App. LEXIS 34246 (Fed.Cir. Dec. 8, 1997).

On July 17, 2000, Mr. Malone again sought employment with the agency as a Casual Carrier. On July 27, 2000, the agency by letter rejected Mr. Malone's application. The reason for the rejection, as stated by the agency, was that the agency has a policy of refusing to employ persons who have been removed for cause from agency or other federal employment. The July 27 letter noted that Mr. Malone had been terminated for cause on September 26, 1996, and concluded, "[t]herefore you are *disqualified* from postal employment at this time" (emphasis added).

Mr. Malone appealed the July 27 agency action to the Board. Mr. Malone did not assert error by the agency in failing to grant him restoration rights to an agency job, and he does not assert in this court error for failing to sustain restoration rights. Instead, both before the Board and in this court, Mr. Malone argues that the July 27 agency action was not a matter of nonselection, but instead was a decision by the agency that he is not suitable for employment.

II

Whether a person is refused government employment because of nonselection, as opposed to being nonselected because of unsuitability, makes a difference when it comes to Board jurisdiction. The Board has long held that it lacks jurisdiction to consider the merits of a case in which an agency has simply not selected someone for employment. *See Mello v. Dep't of Energy*, 20 M.S.P.R. 45, 47 (1984). Mr. Malone does not contest the Board's holdings on this point. Instead, he invokes the Board's regulations and precedent that confer jurisdiction on the Board when an agency has determined that an applicant lacks suitability for employment. *See* 5

C.F.R. § 731.103(d) (2001); *Edwards v. Dep't of Justice,* 86 M.S.P.R. 365, 367 (2000).

In his appeal to the Board, Mr. Malone pointed to the regulations and Board cases that establish jurisdiction to hear cases involving suitability determinations. From those decisions, in particular the *Edwards* case cited by Mr. Malone, Mr. Malone knows that suitability determinations are fact-driven and concern the suitability of the individual employee. In *Edwards,* for example, the Board pointed to the long list of factual inquiries at 5 C.F.R. § 731.202(b) that establish the criteria for assessment of when a suitability determination has been made by an agency. *Edwards,* 86 M.S.P.R. at 369. Each of those criteria focuses on the person's conduct, rather than on the person's status.

The Board in this case determined that Mr. Malone had been nonselected for employment and that the agency had not made an appealable suitability determination. In deciding the question, the Board pointed to the statement in the July 27 letter that the agency was applying its policy not to hire a person who had been removed for cause from previous federal employment. As such, the focus of the agency's action was not on the precise conduct that had led to Mr. Malone's removal; instead it was his status as a removee that precluded his selection. In the Board's view, Mr. Malone thus had been nonselected, a matter over which it lacked jurisdiction.

### III

Mr. Malone timely sought review of the Board's final decision in this court. We must affirm the Board's final decision unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When the Board's decision is based on facts, those facts must be supported by substantial evidence. *See* 5 U.S.C. § 7703(c) (2000).

In this court, Mr. Malone asserts that he at least has made a nonfrivolous allegation that he was denied employment for want of suitability, thus entitling him to a hearing on the question of whether he was nonselected or denied employment for want of suitability. In order to sustain his burden of establishing Board jurisdiction over his appeal, Mr. Malone must point to some factual considerations that would key the agency's July 27 action to issues relating to his conduct, with such previous matters of conduct being the reason why the agency would have found him unsuitable for employment. This burden for Mr. Malone is heavy, for it is clear that the agency's July 27 letter resulted from his status as a removee rather than from any examination of the particular conduct that he may have displayed when previously employed.

Mr. Malone however has not pointed to any such factual evidence that would support the proposition that the agency deemed him not suited for employment, as defined in 5 C.F.R. § 731.202. Absent such factual allegations in the record, we are left with the decision of the Board, which points to the July 27 letter, denying Mr. Malone employment as a matter of enforcing agency policy. Mr. Malone cites, in support of his petition, a provision in Postal Service Handbook EL–311, April 1990, which states, "[i]n making *selections* for any type of accession, determination must be made whether an eligible [employee] or applicant might be *disqualified* for reasons such as the following: a. Dismissal from prior employment for cause" (emphases added). This provision, however, supports the Board, for it indicates that the Postal Service has a long-standing policy of not selecting an applicant because of the appli-

cant's status as a removee, regardless of what prompted the prior removal. The Postal Service's action here is consistent with a straightforward implementation of this policy, unlinked to any particular conduct of Mr. Malone. We see no reason to convert implementation of a generic employment policy into a case-specific examination of a person's former conduct as it bears on current employment suitability. We thus conclude that the record provides substantial evidence to support the Board's factual conclusion that Mr. Malone has suffered a nonselection and not an adverse suitability determination. As such, we can detect no error in the Board's final decision, and, accordingly, we affirm.