## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

OLIVER PERRY,

Appellant,

v.

DEPARTMENT OF JUSTICE,

Agency.

DOCKET NUMBER
DC-3443-22-0673-I-1

DATE:  November 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Oliver Perry</u>, Arnold, Maryland, pro se.

<u>Evan Perlman</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of the agency's decision to rescind an offer of employment. On petition for review, the appellant reargues that the agency improperly initiated a background investigation while his security clearance investigation was ongoing and subjected him to an employment practice when it rescinded the tentative job offer. He also argues for the first time on

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review that the agency made a suitability determination that violated 5 C.F.R. § 731.202(d). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2   The appellant argues for the first time on review that the agency's suitability determination violated 5 C.F.R. § 731.202(d).[2] Petition for Review (PFR) File, Tab 6 at 5. Pursuant to the Office of Personnel Management's regulations, the Board has jurisdiction over certain matters involving suitability for Federal employment. *See Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009). Under 5 C.F.R. § 731.501(a), when an agency takes a "suitability action" against a person, that person may appeal the action to the Board. *Kazan*, 112 M.S.P.R. 390, ¶ 6. A suitability action is distinct from a suitability determination, the former constituting a cancellation of eligibility, a removal, a

_____

[2] The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). However, we have considered the appellant's argument to the extent it impacts the Board's jurisdiction, which is always before the Board and can be raised by the parties or sua sponte by the Board at any time. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010).

cancellation of reinstatement eligibility, or a debarment, and the latter constituting the underlying decision that a person is suitable or not suitable for employment in a covered position or with a particular agency. 5 C.F.R. §§ 732.202, 731.203(a), 731.501(a); *see Ricci v. Merit Systems Protection Board*, 953 F.3d 753, 757 (Fed. Cir. 2020) (explaining the difference between suitability determinations and actions). Only suitability actions are appealable to the Board, suitability determinations are not. *Kazan*, 112 M.S.P.R. 390, ¶ 6 (citing 5 C.F.R. § 731.501(a)). A nonselection or cancellation of eligibility for a specific position is not a suitability action even if it is based on the suitability criteria of 5 C.F.R. § 731.202. *Kazan*, 112 M.S.P.R. 390, ¶ 6; 5 C.F.R. § 731.203(b).

¶3        The rescission of a tentative offer of employment, as occurred here, also is not a suitability action that is appealable to the Board. *Ricci*, 953 F.3d at 756-57. There is no indication that the appellant was subject to anything other than a nonselection for a specific position. IAF, Tab 10 at 14-15. The record is devoid of evidence that the agency cancelled the appellant's eligibility, removed him, cancelled his reinstatement eligibility, or debarred him. Thus, he has not alleged facts indicating that the agency subjected him to a suitability action. His claim that the agency violated 5 C.F.R. § 731.202(d) does not provide a basis for disturbing the administrative judge's determination that the appellant failed to establish jurisdiction over his appeal.

¶4        The appellant also filed a motion to dismiss the agency's response to his petition for review as untimely. PFR File, Tab 5. The agency's response was due on December 26, 2022, but was filed on December 27, 2022. PFR File, Tab 2 at 2, Tab 4. We find that the agency timely filed its response on the first workday following the filing deadline, which fell on a holiday. PFR File, Tab 4; *see* 5 C.F.R. §§ 1201.23 (explaining that when the last day for filing falls on a weekend or a Federal holiday, the filing period includes the first workday after that date), 1201.114(e) (providing that a party must file a response to a petition

for review within 25 days of the date of service of the petition for review). Accordingly, we deny the appellant's motion.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.