**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHARON L. SIMON, | DOCKET NUMBER |
| Appellant, | AT-0845-20-0227-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: July 12, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sharon L. Simon</u>, Homosassa, Florida, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal from the final decision of the Office of Personnel Management (OPM) finding her ineligible for Federal Employees' Group Life Insurance (FEGLI). Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant retired under the Federal Employees' Retirement System effective December 2018. Initial Appeal File (IAF), Tab 1 at 9. At some point, she requested to continue her FEGLI into retirement. *Id.* OPM issued a final decision on December 11, 2019, determining, as relevant here, that the appellant was ineligible to continue her FEGLI benefits into retirement. *Id.* at 10-11. The appellant filed an appeal with the Board challenging this determination. IAF, Tab 1 at 2, Tab 11 at 3. OPM subsequently moved to dismiss the appeal, asserting that claims relating to the method and manner by which OPM administers FEGLI are generally not within the Board's jurisdiction. IAF, Tab 10 at 4.

The administrative judge issued an order to the appellant to show cause why the Board has jurisdiction over her appeal. IAF, Tab 12. The appellant responded to the administrative judge's order arguing that the Board has jurisdiction because OPM's final decision "instructed and directed [her] to appeal

this matter to the Board." IAF, Tab 15 at 4. The administrative judge issued an initial decision based on the written record because the appellant withdrew her request for a hearing. IAF, Tab 1 at 1, Tab 5 at 3, Tab 16, Initial Decision (ID) at 1. The administrative judge found that the Board lacks jurisdiction over the appeal. ID at 1, 3.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). On review, the appellant requests the Board to order OPM to reinstate her life insurance. PFR File, Tab 1 at 4-5. We discern no basis to disturb the administrative judge's determination that the Board generally does not have jurisdiction over claims concerning the Federal employee life insurance program. ID at 2; *Chamblin v. Office of Personnel Management*, 112 M.S.P.R. 266, ¶ 7 (2009). Here, the appellant challenges OPM's determination that she is ineligible for FEGLI benefits. PFR File, Tab 1 at 4-5; 5 C.F.R. § 870.701(a)(2).

The Board recognizes several exceptions to the general rule that it lacks jurisdiction over OPM decisions concerning the administration of life insurance programs. One exception is OPM's failure to explain its deductions for such insurance premiums in the context of a petition to enforce a Board's order to OPM to award an annuity. *Chamblin*, 112 M.S.P.R. 266, ¶¶ 11-12. Another exception concerns requests for waiving repaying annuity overpayments caused by the retroactive application of FEGLI premiums. *Id.*, ¶¶ 13-14. The appellant's circumstances here do not fall under these exceptions. She is not seeking to

enforce a Board order or waive an overpayment resulting from a retroactive deduction of FEGLI premiums. IAF, Tab 1 at 7, 9-11.

Further, to the extent that the appellant argues that the Board possesses jurisdiction over her appeal based on the notice of appeal rights provided by OPM in its final decision, we note that the mere fact that the agency informed the appellant that she may have a right of appeal to the Board does not confer jurisdiction on the Board.[1] PFR File, Tab 1 at 4; *Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶ 5 (2008). Accordingly, we affirm the administrative judge's decision to dismiss this appeal from OPM's determination of FEGLI eligibility for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[1] The appellant resubmits with her petition for review documents related to OPM's FEGLI eligibility determination. PFR File, Tab 1 at 6-10; IAF, Tab 15 at 6-10. We have considered these documents again on review, as they pertain to the issue of jurisdiction, a matter that may be raised at any time during the Board proceedings. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016). However, we find that they do not change the outcome in this matter.

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.