# United States Court of Appeals for the Federal Circuit

---

**HELEN Z. RICCI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2019-1626

---

Petition for review of the Merit Systems Protection Board in No. DC-0731-18-0837-I-1.

---

Decided: March 19, 2020

---

SARAH ELISE HAINBACH, Georgetown University Law Center, Washington, DC, argued for petitioner. Also represented by ADERSON FRANCOIS.

JEFFREY GAUGER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

---

Before O'MALLEY, MAYER, and WALLACH, *Circuit Judges.*

MAYER, *Circuit Judge.*

Helen Z. Ricci appeals the final decision of the Merit Systems Protection Board ("board") dismissing her appeal for lack of jurisdiction. *See Ricci v. Dep't of Homeland Sec.*, No. DC-0731-18-0837-I-1, 2018 MSPB LEXIS 4526 (Nov. 28, 2018) ("*Board Decision*"). Because the board correctly determined that it lacked authority to review the revocation of a tentative offer of federal employment, we affirm.

## I. BACKGROUND

In January 2017, Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), notified Ricci that she had been "tentatively" selected for the position of Criminal Investigator. A. 2. The agency informed her, however, that she would be required to undergo and satisfactorily complete a background investigation before receiving a final offer of employment. A. 2, 39.

ICE subsequently sent Ricci a "Notice of Proposed Action," informing her that her background investigation had revealed "[d]erogatory information . . . which [was] serious enough to warrant a proposal that [she] be found unsuitable for the [Criminal Investigator] position, and possibly denied examination for, and appointment to, all positions with DHS/ICE for a period of not more than three years." A. 13. ICE alleged that Ricci had engaged in numerous acts of misconduct when she was employed with the Boston Police Department ("BPD"). A. 13. In support, it noted that the BPD had sustained multiple charges against Ricci, including "Negligent Duty/Unreasonable Judgment," "Violations of Directives/Orders," "Untruthfulness," "Failure to Report Law Violations," and "Association with Criminals." A. 13–15.

Although Ricci responded to ICE's notice letter, the agency nevertheless rescinded its tentative offer of employment for the Criminal Investigator position. A. 18. The agency stated that Ricci had been "found unsuitable for the position of Criminal Investigator . . . because of Misconduct

in Employment," asserting that her "conduct indicate[d] a potential for behavior that could adversely impact [her] employment performance, as well as the ability of ICE to fully and effectively carry out its law enforcement mission." A. 17.

Ricci then filed an appeal with the board, alleging that ICE had subjected her to a negative suitability determination. A. 21. She asserted that ICE's "claim of 'Misconduct in Employment' [was] based upon bad intelligence" and that the agency was "continuing the . . . discrimination" engaged in by the BPD. A. 23.

On September 27, 2018, an administrative judge of the board issued a show-cause order, directing Ricci to file evidence and argument showing that the board had jurisdiction over her appeal. A. 30–34. The administrative judge explained that the board generally lacks jurisdiction over an individual's non-selection for a specific position, even if that non-selection is based upon the suitability criteria set out in 5 C.F.R. § 731.202. A. 31. In response, Ricci asserted that the board should assume jurisdiction over her appeal because "[ICE's] actions effectively constitute[d] a suitability action of debarment." A. 41.

In an initial decision dated November 28, 2018, the administrative judge dismissed Ricci's appeal for lack of jurisdiction. She concluded that although the agency's decision to withdraw Ricci's tentative offer of employment for the Criminal Investigator position was based upon suitability criteria, ICE's action was properly viewed as a non-selection for a specific vacant position rather than a debarment from future agency employment. *See Board Decision*, 2018 MSPB LEXIS 4526, at *4–6. According to the administrative judge, although ICE decided not to extend a final offer of employment for the position of Criminal Investigator, it did not take any "broader action" against Ricci, such as "debarring her from future agency employment." *Id.* at *5.

Because neither party filed a petition for review with the full board, the administrative judge's initial decision became the final decision of the board on January 2, 2019. A. 5. Ricci then filed a timely appeal with this court. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A).[1]

## II. DISCUSSION

### A. Standard of Review

The scope of our review in an appeal from a decision of the board is circumscribed by statute. *Id.* § 7703(c); *Rocha v. Merit Sys. Prot. Bd.*, 688 F.3d 1307, 1310 (Fed. Cir. 2012). We must affirm a board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Fields v. Dep't of Justice*, 452 F.3d 1297, 1301 (Fed. Cir. 2006). Whether the board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *See Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). The petitioner has the burden of establishing, by a preponderance of the evidence, that the board has jurisdiction over an appeal. 5 C.F.R.

---

[1]    Although this court is empowered to review board decisions on civil-service claims, 5 U.S.C. § 7703(b)(1)(A), we lack jurisdiction over "mixed cases," where a federal employee asserts both civil-service claims and claims under the federal anti-discrimination laws, *id.* §§ 7702(e), 7703(b)(2). *See Perry v. Merit Sys. Prot. Bd.*, — U.S. —, 137 S. Ct. 1975, 1985 (2017). Here, because Ricci has waived her claim of unlawful discrimination, *see* Oral Arg. at 1:42–2:06, her appeal falls within the scope of our appellate jurisdiction. *See Toyama v. Merit Sys. Prot. Bd.*, 481 F.3d 1361, 1365 (Fed. Cir. 2007).

§ 1201.56(b)(2)(A); *Stoyanov v. Dep't of Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007).

## B. Board Jurisdiction

The board's jurisdiction "is limited to actions designated as appealable to [it] 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a)). By statute, the board has jurisdiction over appeals of certain adverse personnel actions, including: (1) removals; (2) suspensions for more than fourteen days; (3) reductions in grade; (4) reductions in pay; and (5) furloughs of thirty days or less. 5 U.S.C. § 7512(1)–(5). In general, however, the board has no authority to review "[a]n agency's failure to select an applicant for a vacant position." *Prewitt*, 133 F.3d at 886; *see also Reddick v. FDIC*, 809 F.3d 1253, 1256 (Fed. Cir. 2016) ("It is well-established that the failure to appoint is not an adverse action.").[2] Accordingly, "claims of unlawful conduct in the selection process ordinarily must be brought before other forums." *Prewitt*, 133 F.3d at 886.

Ricci acknowledges that an unsuccessful candidate for a federal civil service position generally has no right to appeal his or her non-selection to the board. *See* Br. of Petitioner 10. She contends, however, that the board had jurisdiction over her appeal pursuant to 5 C.F.R. § 731.501(a), an Office of Personnel Management ("OPM")

---

[2] There are certain limited exceptions to the general rule that an applicant's non-selection for a vacant position is not appealable to the board. *See Prewitt*, 133 F.3d at 886. For example, the board has jurisdiction to consider an applicant's claim that he or she was denied an appointment in reprisal for a disclosure protected under 5 U.S.C. § 2302(b)(8). *See id.* § 1221(a); *Prewitt*, 133 F.3d at 886. Here, however, there is no allegation that Ricci's non-selection was the result of a protected disclosure.

regulation that affords a right to appeal from a "suitability action." *See* Br. of Petitioner 6, 8–13.

We disagree. OPM, or an agency acting under delegated authority, makes "suitability determinations" based upon the specific factors listed in 5 C.F.R. § 731.202(b). *See id.* § 731.101(a). In particular, suitability determinations are premised "on the presence or absence of one or more . . . specific factors (charges)," such as "[m]isconduct or negligence in employment," "[c]riminal or dishonest conduct," or "[m]aterial, intentional false statement, or deception or fraud in examination or appointment." *Id.* § 731.202 (a), (b). Such suitability determinations seek to ascertain whether "a person's character or conduct . . . may have an impact on the integrity or efficiency of the service." *Id.* § 731.101(a).

Importantly, however, OPM regulations make clear that not every "suitability determination" gives rise to an appealable "suitability action." *See id.* § 731.501(a) (stating that the board has jurisdiction over a "suitability action"). In this regard, the regulations state that the non-selection for a specific position—even if that non-selection is based on the suitability criteria set out in 5 C.F.R. § 731.202(b)—does not constitute a "suitability action" that is appealable to the board. *Id.* § 731.203(b) ("A non-selection, or cancellation of eligibility for a specific position based on an objection to an eligible or pass over of a preference eligible . . . is *not* a suitability action even if it is based on reasons set forth in [5 C.F.R.] § 731.202"). To the contrary, the right to appeal pursuant to OPM regulations arises only when, as a result of a negative suitability determination, an individual faces removal, cancellation of eligibility, cancellation of reinstatement eligibility, or debarment. *Id.* § 731.203(a); *see also id.* § 731.501(a). Accordingly, although ICE found Ricci "unsuitable for the position of Criminal Investigator . . . because of Misconduct in Employment," A. 17, its decision to rescind its tentative

offer of employment for that position was not a "suitability action" that could be appealed to the board.

## C. Debarment

Ricci attempts to invoke board jurisdiction by arguing that while ICE did not label its action a "debarment," she was nonetheless subjected to an appealable suitability action because ICE "effectively" debarred her. Br. of Petitioner 8. In support, she notes that ICE's December 2017 Notice of Proposed Action, A. 13, "warned" her that she could potentially be debarred. Br. of Petitioner 8. She contends, moreover, that the agency's allegations of misconduct against her, although "unfounded" and "untrue," *id.* at 6, were serious enough to support a debarment action and that ICE's final decision letter, which rescinded her tentative offer of employment for the Criminal Investigator position, A. 17–18, failed to "clarify that [she] could still be considered for other DHS employment," Br. of Petitioner 8. In Ricci's view, ICE subjected her to a "de facto" debarment because its actions impugned her "character, specifically her honesty and trustworthiness," *id.* at 10, and since the agency has a "protocol of retaining and sharing background investigation results for five years," *id.* at 12 (footnote omitted), she will likely be foreclosed from obtaining a position in federal law enforcement before she "age[s] out" of eligibility for such employment, *id.* at 6; *see also id.* at 8–12.

This argument is unavailing. First, although, as noted previously, a debarment is an appealable suitability action, *see* 5 C.F.R. § 731.203(a)(4), OPM regulations specify that a "debarment" occurs when, after evaluating the suitability criteria listed in 5 C.F.R. § 731.202(b), "an agency finds an applicant or appointee unsuitable" and "for a period of not more than 3 years from the date of the unfavorable suitability determination, den[ies] that person examination for, and appointment to, either all, or specific covered, positions within that agency." *Id.* § 731.205(a). Here, although ICE, in its final action letter, informed Ricci that it had decided

to rescind its tentative offer of employment for the Criminal Investigator position, it did not state that she had been debarred or was ineligible for other positions within DHS. A. 17–18; *see Board Decision*, 2018 MSPB LEXIS 4526, at *5 (explaining that while ICE "made a determination not to extend a final offer of employment with regard to one job," it "did not state or even suggest that it took any broader action regarding [Ricci's] Federal employment eligibility, such as cancelling eligibility for existing competitive registers or debarring her from future agency employment").

Second, OPM has made clear that its revised suitability regulations afford the board no authority to review a "de facto" or "constructive" debarment.[3]  *See* Suitability, 73 Fed. Reg. 20149, 20150–53 (OPM Final Rule, Apr. 15, 2018) ("*Final Rule*").  Prior to 2008, the board had on occasion exerted jurisdiction over "constructive" suitability actions.  *See, e.g., Saleem v. Dep't of the Treasury*, 88 M.S.P.R.

---

[3]    OPM "is an independent establishment in the executive branch," 5 U.S.C. § 1101, and the Director of OPM has authority "to prescribe regulations and to ensure compliance with the civil service laws, rules, and regulations," *id.* § 1104(b)(3); *see Archuleta v. Hopper*, 786 F.3d 1340, 1347 (Fed. Cir. 2015) (examining "the relationship between OPM and the [b]oard, including their respective roles in the civil service system").  On appeal, Ricci does not argue that OPM lacked authority to issue its revised suitability regulations or that those regulations are otherwise invalid.  *See, e.g., Archuleta*, 786 F.3d at 1351 n.5 ("To the extent OPM's regulations . . . are inconsistent with the [b]oard's statutory obligation to adjudicate appeals . . . they are invalid.").  Those arguments are therefore waived.  *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived.").

151, 154–56 (2001); *Edwards v. Dep't of Justice*, 87 M.S.P.R. 518, 521–24 (2001).

In *Edwards*, for example, the board concluded that, under certain circumstances, an agency's decision not to select an applicant for a position based upon suitability criteria could be viewed as a "constructive" suitability action appealable to the board. 87 M.S.P.R. at 523. Effective June 16, 2008, however, OPM issued revised regulations, which were designed to "clarify the scope of authority for the [board] to review actions taken under the [suitability] regulations." *Final Rule*, 73 Fed. Reg. at 20149. In particular, the revised regulations were intended to eliminate confusion regarding the distinction between a "suitability determination" and an appealable "suitability action." *See id.* at 20150 ("One (suitability actions) concerns the type of actions taken, such as debarment or removal, once a person is determined to be unsuitable and the other (suitability determinations) concerns the process of initially deciding whether a person is suitable."). OPM specifically rejected *Edwards'* holding that the board can exercise jurisdiction over "constructive" suitability actions, 87 M.S.P.R. at 523, stating that it was premised upon an "incorrect reading of the authority that OPM conferred upon the [b]oard." *Final Rule*, 73 Fed. Reg. at 20152.

OPM emphasized, moreover, that the board has no jurisdiction over appeals involving the non-selection for a specific position, even if that non-selection is based on "fitness or character." *Id.* at 20150; *see also id.* at 20151 ("In other words, non-selection for a position is not an appealable suitability action."). Accordingly, OPM has explicitly rejected Ricci's argument that the board is empowered to adjudicate a "constructive" or "de facto" debarment. *See id.* at 20151 (rejecting the argument that giving an agency discretion to determine whether a particular personnel action should be "label[ed]" a suitability action "elevates form over substance" (internal quotation marks omitted)); *see also Upshaw v. Consumer Prod. Safety Comm'n*, 111 M.S.P.R.

236, 239–40 (2009) (explaining that OPM's revised suitability regulations eliminated the concept of a "constructive" suitability action and "specif[ied] that a non-selection for a specific position is not a suitability action even if it is based on reasons set forth at 5 C.F.R. § 731.202").

Third, even assuming *arguendo* that the results of Ricci's background investigation, coupled with ICE's determination that she was "unsuitable" to serve in the position of Criminal Investigator, A. 17, will make it difficult for her to obtain other federal law enforcement positions, this is insufficient to trigger board jurisdiction. Regardless of the impact that the non-selection for a specific position may have on an applicant's ability to secure future federal employment, the board, as discussed previously, is only vested with authority to review actions designated as "appealable to [it] under any law, rule, or regulation." 5 U.S.C. § 7701(a); *see Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed. Cir. 2000) (emphasizing that the board's jurisdiction "is not plenary"). Ricci identifies no law, rule, or regulation affording the board jurisdiction to review ICE's decision to rescind her tentative offer of employment.

## D. Alleged Rulemaking

Finally, we reject Ricci's argument that the board's "interpretation of 'debarment' as excluding de facto debarment" violates the Administrative Procedure Act ("APA") because it "is a substantive rule that should have been promulgated through notice and comment procedures." Br. of Petitioner 16; *see Preminger v. Sec'y of Veterans Affairs*, 632 F.3d 1345, 1350 (Fed. Cir. 2011) ("An agency's failure to comply with notice-and-comment procedures, when required, is grounds for invalidating a rule." (footnote omitted)). Here, the board did not engage in "rulemaking," but instead applied OPM suitability regulations when adjudicating the case presented to it. *See Ashford Univ., LLC v. Sec'y of Veterans Affairs*, No. 2018-1213, 2020 WL 1017621, at *5 (Fed. Cir. Mar. 3, 2020) (concluding that "an agency's

Cure Letter [was] part of an adjudication" for purposes of the APA because it was "individualized," "[d]id not apply to any [other] entity," and did not provide "generalized guidance"); *see also Neustar, Inc. v. FCC*, 857 F.3d 886, 893 (D.C. Cir. 2017) ("Rulemaking scenarios generally involve broad applications of more general principles rather than case-specific individual determinations.").

Importantly, moreover, most board adjudications, including this one, are specifically excluded from APA coverage. *See* 5 U.S.C. § 554(a)(2) (exempting adjudications involving "the selection or tenure of an employee," other than adjudications involving certain administrative law judges). The Civil Service Reform Act, Pub. L. No. 95-454, 92 Stat. 1111 (1978) ("CSRA"), "provides a comprehensive personnel system with extensive prescriptions for the protections and remedies available to federal employees." *Reddick*, 809 F.3d at 1255; *see United States v. Fausto*, 484 U.S. 439, 443 (1988). Because the CSRA, as a general rule, establishes the "exclusive . . . remedial regime for federal employment and personnel complaints," *Nyunt v. Chairman, Broad. Bd. of Governors*, 589 F.3d 445, 448 (D.C. Cir. 2009), "[f]ederal employees may not circumvent the Act's requirements and limitations by resorting to the catchall APA to challenge agency employment actions," *Grosdidier v. Chairman, Broad. Bd. of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009).

## III. CONCLUSION

We have considered Ricci's remaining arguments but do not find them persuasive.[4]    Accordingly, the final

---

[4]    On January 30, 2020, this court granted Sarah Elise Hainbach, a student at Georgetown University Law Center, leave to appear and present oral argument on Ricci's behalf under the supervision of Aderson Francois. We commend Hainbach for her articulate oral advocacy.

decision of the Merit Systems Protection Board dismissing Ricci's appeal for lack of jurisdiction is affirmed.

**AFFIRMED**