NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER PRITCHARD,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2021-1261

---

Petition for review of the Merit Systems Protection Board in No. AT-844E-20-0551-I-1.

---

Decided: July 8, 2022

---

CHRISTOPHER PRITCHARD, Jonesborough, TN, pro se.

KATRINA LEDERER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before REYNA, CHEN, and STARK, *Circuit Judges.*

PER CURIAM.

Christopher Pritchard appeals a decision of the Merit Systems Protection Board (Board) dismissing his appeal as untimely filed. *See Pritchard v. Off. of Pers. Mgmt.*, No. AT-844E-20-0551-I-1, 2020 MSPB LEXIS 3894 (M.S.P.B. Sep. 25, 2020) (*Board Decision*). Because substantial evidence supports the findings underlying the Board's decision that Mr. Pritchard's appeal was untimely, and good cause has not been shown for the delay, we *affirm*.

BACKGROUND

In 2018, Mr. Pritchard, a Supervisory Gardener with the Department of Veterans Affairs, submitted an application for disability retirement. *Board Decision*, at \*1. The Office of Personnel Management (OPM) denied his application because the medical evidence did not show that his conditions were disabling. *Id.* at \*1–2. Mr. Pritchard requested reconsideration. *Id.* at \*2. On April 10, 2020, OPM issued a reconsideration decision sustaining its original decision. *Id.* at \*2.

According to a certified receipt, OPM's reconsideration decision was delivered to Mr. Pritchard's address on April 14, 2020. *Id.* at \*5. The certified receipt was signed with the initials "JM[]" (the last letter was unclear). *Id.* at \*5 & n.2. Mr. Pritchard filed an appeal of the reconsideration decision to the Board, by mail postmarked May 22, 2020. *Id.* at \*5; *see* 5 C.F.R. § 1201.4(l) ("The date of filing by mail is determined by the postmark date[.]"). OPM moved to dismiss the appeal as untimely. *Board Decision*, at \*3.

An appellant has 30 days to file an appeal with the Board. 5 C.F.R. § 1201.22(b) ("[A]n appeal must be filed no later than . . . 30 days after the date of the appellant's receipt of the agency's decision[.]"). At a hearing before an administrative judge of the Board, Mr. Pritchard testified that his brother was living with him around the time of receipt. *Board Decision*, at \*5. Mr. Pritchard also testified that he first saw the reconsideration decision when he

returned home, but could not testify to an exact date. *Id.* The administrative judge decided that this testimony suggested Mr. Pritchard had received the decision on the same day it was signed for at his home. *Id.* at \*6. Having received the decision on April 14, 2020, Mr. Pritchard was required to file his appeal by no later than May 14, 2020. *Id.* Therefore, Mr. Pritchard's appeal was late by eight days. *Id.* at \*6.

The administrative judge next considered whether there was good cause for the delay and found there was none. *Id.* at \*6–9. The administrative judge noted that Mr. Pritchard was on notice as to the time limit for filing and found no evidence of excusable neglect, contributing circumstances beyond appellant's control, or unavoidable misfortune. *Id.* at \*6. In particular, although Mr. Pritchard agreed it was possible that his medical conditions contributed to the delayed filing when directly asked by the administrative judge, Mr. Pritchard stopped short of asserting that his conditions did so contribute. *Id.* at \*6–8. The administrative judge generally found no objective evidence that Mr. Pritchard's physical or mental conditions interfered with his ability to timely file his appeal. *Id.* at \*9.

The administrative judge's initial decision dismissing the appeal as untimely became the final Board decision on October 30, 2020. *Id.* at \*10. Mr. Pritchard timely appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

Our review of the Board's decision is limited. We must sustain a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C

§ 7703(c); *Van Wersh v. Dep't of Health & Hum. Servs.*, 197 F.3d 1144, 1147 (Fed. Cir. 1999).

Mr. Pritchard argues that his appeal was timely filed because he did not receive OPM's reconsideration decision until April 23, 2020, which would mean he had until May 23, 2020, to file his appeal.  It is the appellant's burden to establish the timeliness of an appeal to the Board by a preponderance of the evidence.  5 C.F.R. § 1201.56(b)(2)(i)(B); *Ricci v. Merit Sys. Prot. Bd.*, 953 F.3d 753, 756 (Fed. Cir. 2020).

The Board relied on OPM's copy of the certified receipt to find that Mr. Pritchard received OPM's reconsideration decision on April 14, 2020. *Id.* at *6.  Mr. Pritchard has not pointed to any contrary evidence in the record showing that April 23, 2020, was in fact the date he received the decision.  Nor have we found anything in the record.  We have only his bare contentions.  Thus, the Board's finding that Mr. Pritchard received the reconsideration decision on April 14, 2020, is supported by substantial evidence.  The Board did not err in dismissing Mr. Pritchard's appeal as untimely.[1]

CONCLUSION

For the foregoing reasons, we *affirm* the decision of the Board.

**AFFIRMED**

COSTS

No costs.

---

[1]    Mr. Pritchard does not argue on appeal that there was good cause for the untimeliness.  Yet, we note that we see nothing in the record showing that the Board erred in finding a lack of good cause.