# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROLANDO GALLEGOS,
<div style="margin-left:2em">Appellant,</div>

v.

DEPARTMENT OF HOMELAND
<div style="margin-left:2em">SECURITY,</div>
<div style="margin-left:4em">Agency.</div>

DOCKET NUMBER
DA-3443-20-0145-I-1

DATE: July 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rolando Gallegos</u>, Laredo, Texas, pro se.

<u>Ara Cantu</u>, Esquire, Laredo, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member\*

\*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal concerning the grade level at which he was appointed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the basis for determining that the Board does not have jurisdiction over an employment practice and to find that the appellant was not subjected to a suitability action, we AFFIRM the initial decision.

## BACKGROUND

Prior to this appeal, the appellant was a Federal employee from 1988 until 1991. Initial Appeal File (IAF), Tab 1 at 7. In 2015, he applied for a competitive service "Writer/Editor" vacancy with the agency's Customs and Border Protection, which was posted at the GS-12 level. IAF, Tab 1 at 8-9, 26, Tab 3 at 6. The agency extended him a tentative offer for the vacancy, which he accepted. IAF, Tab 1 at 5, 8-9, 26. However, the agency subsequently determined that the appellant's selection was in error because he was "outside the area of consideration" for the vacancy. *Id.* at 5, 18, 27-28. Further, in making the offer at the GS-12 level, the agency had assumed the appellant had previously served in a position at the GS-12 level, which was also in error. *Id.* at 21, 26-28. After realizing its mistakes, the agency offered to reinstate the appellant to the Federal service in the position of Writer/Editor at his prior GS-9 level, and he was so reinstated, effective January 9, 2017. *Id.* at 5, 7, 24, 28. The

determination as to the level of this offer was based on his "time-in-grade," in other words, the fact that his prior service was at the GS-9 level. *Id.* at 5.

The appellant subsequently filed this appeal, alleging, among other things, that the agency and the Office of Personnel Management (OPM) applied an employment practice to his appointment that violated a basic requirement of 5 C.F.R. § 300.103. IAF, Tab 1 at 5, Tab 5 at 4. He essentially contested the agency's decision to appoint him at the GS-9, instead of the GS-12, level. IAF, Tab 5 at 4.

The administrative judge subsequently issued an initial decision, dismissing the appeal for lack of Board jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1. The administrative judge first found that the appellant failed to establish any of the exceptions to the general principle that an agency's failure to select an applicant for a vacant position is not appealable to the Board. ID at 5. The administrative judge further found that the offer at a lower GS level was not an adverse action and was not an appealable withdrawal of a tentative offer because the appointment to the GS 12 vacancy never actually occurred. ID at 9-11. Finally, the administrative judge found that the appellant failed to demonstrate any OPM involvement sufficient to establish jurisdiction over any alleged employment practices. ID at 6-9.

The appellant has filed a petition for review, arguing that he was appointed to the GS-12 vacancy, the decision to offer him reinstatement at a lower GS level was a suitability action, and he was subject to an employment practice. Petition for Review (PFR) File, Tab 1 at 4-9. The agency has responded to his petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge found that the appellant did not allege jurisdiction under the Uniformed Services Employment and Reemployment Rights Act of 1994, the Veterans Employment Opportunities Act of 1998, or whistleblower

reprisal statutes. ID at 5. The administrative judge also found that the appellant had not suffered an appealable adverse action. ID at 9-10. The parties do not challenge these findings on review, and we decline to disturb them.

<u>The administrative judge correctly held that the appellant did not establish jurisdiction over his employment practices claim.</u>

An applicant for employment who believes that an employment practice applied to him violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010); 5 C.F.R. § 300.104(a). The Board has jurisdiction under § 300.104(a) when the following two conditions are met: (1) the appeal concerns an employment practice that OPM is involved in administering; and (2) the appellant makes a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser*, 113 M.S.P.R. 403, ¶ 6.

The appellant on review argues that OPM was involved in the determination that he was not qualified for the position at the GS-12 level but was qualified at the GS-9 level. PFR File, Tab 1 at 5-8. The administrative judge held that the appellant failed to demonstrate sufficient OPM involvement in the agency's use of time-in-grade requirements. ID at 8-9. The appellant disputes this finding. PFR File, Tab 1 at 6-8. We disagree with the administrative judge, and modify the initial decision accordingly.

OPM need not be immediately involved in the practice in question; rather, an agency's misapplication of a valid OPM requirement may constitute an employment practice. *Sauser*, 113 M.S.P.R. 403, ¶ 7. The record here is devoid of almost all of the agency's hiring documents. However, it appears that the agency determined that the appellant was unqualified for the position at the GS-12 level based on its application of OPM's standards. For instance, OPM's regulations set forth the rules for setting the pay rate for a reemployed individual with previous civilian service in the Federal Government. 5 C.F.R.

§§ 531.211(b), 531.212. Moreover, OPM's regulations at 5 C.F.R. part 300, subpart F, set forth the applicability and rules regarding time-in-grade restrictions for advancement. Indeed, an agency memorandum regarding the appellant's request for a desk audit after he was appointed cites to 5 C.F.R. § 335.103(c)(1)(vi), which states that merit promotion requirements apply when a former employee is reinstated at a higher level than previously held. IAF, Tab 1 at 28.

Further, although not decided by the administrative judge, we determine that the appellant has established that his appeal concerns an employment practice. ID at 9. Specifically, as occurred here, "the application of time-in-grade restrictions is an employment practice."[2] *Dowd v. United States*, 713 F.2d 720, 724 (Fed. Cir. 1983). Accordingly, we modify the initial decision to find that the appellant has satisfied the first prong of the jurisdictional test. *See Sauser*, 113 M.S.P.R. 403, ¶ 8 (finding the first prong satisfied when an agency applied OPM's qualification standards to determine the appellant was unqualified for the GS 11 level).

While we modify the initial decision to find that the appellant met the first prong of the jurisdictional test for an employment practices claim, the administrative judge's error provides no basis for reversal of the initial decision. As discussed below, the appellant does not meet the second prong of the test. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). As to the second prong of the jurisdictional test, the appellant argues that the offer of a position at the GS-9 level, instead of the GS-12 level, violated the basic requirements of 5 C.F.R. § 300.103. PFR File, Tab 1 at 6. His arguments specifically involve the

---

[2] We also assume for purposes of our analysis, without deciding, that the agency's determination of the area of consideration of the position is an employment practice. *See Saya v. Department of the Air Force*, 68 M.S.P.R. 493, 496-97 (1995) (assuming without deciding that a policy concerning the area of consideration for a position is an employment practice implementing 5 C.F.R. § 300.103).

assertion that he met the requisite qualifications of the job posting at the GS-12 level. *Id.* The administrative judge did not specifically address this issue. Accordingly, we do so now.

Under the second prong, an appellant establishes jurisdiction over his appeal by making a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser*, 113 M.S.P.R. 403, ¶ 6. These basic requirements include the requirement that a job analysis be used to identify important factors in evaluating candidates, and that the employment practice have a "rational relationship" to performance in the job. *Id.*; 5 C.F.R. § 300.103(a), (b)(1). The appellant is not challenging the validity or applicability of the agency's determination that he was not within the area of consideration for the GS-12 vacancy announcement and did not meet the time-in-grade requirements for a GS-12 position.[3] IAF, Tab 1 at 5. Rather, he is arguing that the agency and OPM should have found him qualified for the GS-12 Writer/Editor vacancy announcement because he met the "minimum requirements" and "qualifications" of the position. IAF, Tab 5 at 5; PFR File, Tab 1 at 5-6. The vacancy announcement lists the requirements and qualifications as certain writing and editing experience, ability to "pass a background investigation," registration for the Selective Service, and residency in the United States. IAF, Tab 1 at 12-13. However, as explained above, the agency did not determine that the appellant was ineligible for the GS-12 vacancy, or that he was eligible only for a GS-9 reinstatement, based on these factors. Rather, its determination was based on the area of consideration and time-in-grade.

The appellant is, at most, seeking an exception for himself to the agency's application of the limitations related to the area of consideration and

---

[3] Neither party has explained why the appellant was outside the "area of consideration" for the GS-12 position. *E.g.*, IAF, Tab 1 at 5, Tab 8 at 13-14; PFR File, Tab 1 at 8. However, because the appellant has not alleged that this limitation did not apply to him or that the agency's determination that he was outside the area of consideration was in error, we discern no basis to review it here.

time-in-grade for the GS-12 vacancy announcement. The Board lacks jurisdiction over such a claim. *See Richardson v. Department of Defense*, 78 M.S.P.R. 58, 61 (1998) (finding that the Board lacked jurisdiction over an employment practices appeal in which an appellant failed to identify any basic requirement that was missing from the instrument that the agency used to evaluate her application, and instead, merely contested the agency's handling and rating of her individual application); *Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 160 (1993) (finding that an appellant's allegations that an agency failed to fully consider his education and experience in making a selection for a position did not establish jurisdiction over an employment practices claim), *aff'd per curiam*, 26 F.3d 140 (Fed. Cir. 1994) (Table). Accordingly, we agree with the administrative judge that the Board lacks jurisdiction over this claim, as modified above.

The appellant's remaining arguments on review do not establish jurisdiction.

The appellant argues that the decision to offer reinstatement at the GS-9 level instead of the position to which he applied at the GS-12 level is an appealable suitability action. PFR File, Tab 1 at 4-5. The administrative judge did not address this argument. We modify the initial decision to find the appellant's argument unpersuasive. Because we find that the appellant did not establish jurisdiction over a suitability action, any error by the administrative judge in failing to address this claim does not require reversal. *See Panter*, 22 M.S.P.R. at 282.

The Board has jurisdiction over a negative suitability determination that results in a suitability action, defined as a removal, cancellation of eligibility, cancellation of reinstatement eligibility, or debarment. *Ricci v. Merit Systems Protection Board*, 953 F.3d 753, 756-57 (Fed. Cir. 2020); 5 C.F.R. §§ 731.203(a), 731.501(a). A nonselection for a particular position is not an appealable suitability action. *Ricci*, 953 F.3d at 757; 5 C.F.R. § 731.203(b). The agency's decision to rescind its tentative offer of employment, and offer reinstatement at a lower GS level, is thus not a suitability action that can be appealed to the Board.

*See Ricci*, 953 F.3d at 757 (finding an agency's decision to rescind a tentative offer of employment was not an appealable suitability action).

The appellant also argues that he was formally appointed to the position because he accepted the tentative offer. PFR File, Tab 1 at 8-9. The administrative judge held that the appointment at the GS-12 level never actually occurred. ID at 12. We agree. To establish Board jurisdiction over the cancellation of a promotion or appointment, offer and acceptance alone is not sufficient. Instead, the appellant must show that the promotion or appointment was not revoked before the appellant actually performed in the position. *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 9 (2012). The appellant has not alleged that he served in the GS-12 position; instead, he has been employed in a GS-9 position with the agency. IAF, Tab 1 at 5. Therefore, the appellant cannot establish Board jurisdiction over the decision not to appoint him.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.