**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAN L. GILBERT,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0731-20-0158-I-1 |
| 　　　v. | |
| DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　　Agency. | DATE: July 23, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jan L. Gilbert, Houston, Texas, pro se.

Jennifer Cook, Houston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her suitability appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, a preference eligible veteran, filed an application for employment with the agency as a Customs and Border Protection Officer (CBPO). She was tentatively selected, but on April 19, 2019, the agency sent the appellant a letter notifying her that her background investigation had uncovered derogatory information, proposing to withdraw the tentative job offer, and proposing to find the appellant "ineligible for employment in a National Security Position and/or unsuitable for Federal employment." Initial Appeal File (IAF), Tab 4 at 27. The appellant responded to the letter on or about April 26, 2019, addressing each allegation of derogatory information. IAF, Tab 1 at 7-25, Tab 8 at 4. On August 15, 2019, the agency notified the appellant that it had found her unsuitable for the CBPO position pursuant to 5 C.F.R. part 731, and that its tentative offer of employment was therefore withdrawn. IAF, Tab 5 at 11. The basis of the suitability determination was "[c]riminal or dishonest conduct" and "[m]isconduct or negligence in employment." IAF, Tab 8 at 13. After a series of email exchanges with the appellant, the agency directed her to the Customs and

Border Protection's Suitability Overview webpage for an outline of the most common reasons for negative suitability determinations. IAF, Tab 5 at 11-13. The agency informed the appellant that she was "eligible to re-apply at any time." *Id*. at 13.

On August 28, 2019, the appellant applied for another CBPO position, and she was tentatively selected. IAF, Tab 4 at 25, Tab 8 at 4, 12. However, on September 25, 2019, she received another notice stating that "your tentative offer of employment is withdrawn because you have been deemed unsuitable for the position pursuant to 5 C.F.R. Part 731." IAF, Tab 4 at 31.

On November 25, 2019, the appellant filed a third application for employment as a CBPO. IAF, Tab 8 at 4, 11. Again, she was tentatively selected, but on January 3, 2020, the agency again withdrew the tentative offer based on a negative suitability determination. IAF, Tab 1 at 26, Tab 4 at 30.

The appellant filed the instant Board appeal and requested a hearing. IAF, Tab 1 at 2-3. She contested the negative suitability determination, alleged harmful procedural error, and appeared to allege a violation of her veterans' preference rights as well. *Id*. at 3, 5. The administrative judge issued a show cause order, notifying the appellant that her appeal might be outside the Board's jurisdiction. IAF, Tab 7. He informed the appellant of the jurisdictional standard for a suitability appeal and a Veterans Employment Opportunities Act of 1998 (VEOA) appeal. *Id*. at 2-4.

After the appellant responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 10, Initial Decision (ID); IAF, Tab 1 at 2. He found that, notwithstanding the agency's suitability determination, the individual nonselections based on that determination did not amount to appealable suitability actions within the Board's jurisdiction. ID at 4-6. He further found that there was no evidence that the appellant had exhausted her administrative remedies with the Department of Labor as a prerequisite to a

VEOA appeal, and that the appellant's allegation of harmful procedural error did not serve to bring the appeal within the Board's jurisdiction. ID at 6-7.

The appellant has filed a petition for review, disputing the administrative judge's jurisdictional analysis as well as the agency's negative suitability determination.[2] Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## ANALYSIS

Under 5 C.F.R. § 731.501(a), when an agency takes a suitability action against a person, that person may appeal the action to the Board. A suitability *action* is distinct from a suitability *determination*, the former constituting a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, or a debarment, and the latter constituting the underlying decision that a person is suitable or not suitable for employment in a covered position or with a particular agency. 5 C.F.R. §§ 731.101, .203(a). A nonselection or cancellation of eligibility for a specific position is not a suitability action even if it is based on the suitability criteria of 5 C.F.R. § 731.202. 5 C.F.R. § 731.203(b). Only suitability actions are appealable to the Board. Suitability determinations are not. *Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009); *see* 5 C.F.R. §§ 731.101, .203(a)-(b), .501(a).

In this case, we agree with the administrative judge that the appellant has not made a nonfrivolous allegation that the agency took against her any of the four types of suitability action enumerated in 5 C.F.R. § 731.203(a). ID at 5-6. Rather, the agency simply declined to select the appellant for the CBPO positions for which she applied. IAF, Tab 1 at 26, Tab 4 at 31, Tab 5 at 11. These

---

[2] The appellant filed her petition for review shortly after the midnight deadline in the Eastern Time Zone, and the Board's e-Appeal Online system prompted her for an explanation. Petition for Review File, Tab 1 at 3-4. However, the appellant completed her submission before midnight in the Central Time Zone from which she filed. *Id.* at 4. We therefore find that her petition for review was timely. *See* 5 C.F.R. § 1201.14(m)(1) (2020).

nonselections do not constitute suitability actions even though they were based on suitability criteria and even though the appellant had already received tentative offers of employment. *See* 5 C.F.R. § 731.203(b); *see also Testart v. Department of the Navy*, 42 M.S.P.R. 21, 23 (1989) (finding that the Board lacks jurisdiction over the withdrawal of an offer of appointment prior to entrance on duty). Our finding on this issue is bolstered by the fact that each time the agency withdrew its tentative job offer, it notified the appellant that she was not prevented from reapplying. IAF, Tab 1 at 26, Tab 4 at 31, Tab 5 at 11. Nowhere did the agency state that the appellant had been debarred or found ineligible for other positions. *See Ricci v. Merit Systems Protection Board*, 953 F.3d 753, 758 (Fed. Cir. 2020).

On petition for review, the appellant argues that the agency's continued negative suitability determinations amounted to a "de facto barment" within the Board's jurisdiction. PFR File, Tab 1 at 9-11. However, the administrative judge addressed this issue below, and we agree with him that alleged "constructive" or "de facto" suitability actions are outside the Board's jurisdiction. ID at 6; *see Ricci*, 953 F.3d at 758-59.

The appellant also renews her challenges to the merits of the agency's negative suitability determination, as well as her allegation that the agency committed harmful procedural error in arriving at its decision. PFR File, Tab 1 at 7-9, 11-15. However, the appellant's arguments concerning the merits of the suitability determination are insufficient to establish that she was subjected to an appealable suitability action, and we agree with the administrative judge that her allegations of harmful procedural error do not serve to confer Board jurisdiction when it is otherwise absent. ID at 6-7; *see Cowan v. Department of Agriculture,* 13 M.S.P.R. 196, 198 (1982) (finding that the Board lacks jurisdiction to consider a claim of harmful procedural error absent an otherwise appealable action), *aff'd*, 710 F.2d 803, 805 (Fed. Cir. 1983).

The appellant does not explicitly contest the administrative judge's finding that the Board lacks jurisdiction over her appeal under VEOA, and we agree with

his determination on this issue.  ID at 7; *see Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 507, ¶ 6 (2009) ("A VEOA appeal filed with the Board without a showing that the appellant has exhausted his remedy with DOL will be dismissed for lack of jurisdiction.").  We further note that the precise veterans' preference claim that the appellant raised, i.e., that the agency passed her over for selection based on a negative suitability determination, is explicitly excluded from the Board's suitability jurisdiction under the Office of Personnel Management's regulations.  IAF, Tab 1 at 5; *see* 5 C.F.R. § 731.203(b).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.