NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CAMBRA L. LUCAS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2024-2348

_____

Petition for review of the Merit Systems Protection Board in No. SF-0845-13-0413-C-1.

_____

Decided:  June 27, 2025

_____

CAMBRA L. LUCAS, Ripon, CA, pro se.

THOMAS J. ADAIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

_____

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Cambra L. Lucas, a retired federal government employee, appeals a final decision of the Merit Systems Protection Board dismissing her claims for lack of jurisdiction. For the reasons discussed below, we affirm.

I

The matter before us stems from a lengthy litigation. As we recognized in our prior decision, *Lucas v. Office of Personnel Management*, 614 F. App'x 491, 491–94 (Fed. Cir. 2015) (*Lucas I*); S.A. 115–18, this extensive litigation reflects Ms. Lucas' continued efforts to obtain waiver of her repayment obligations arising from OPM's overpayment of benefits to her from 2007 to 2010.

Ms. Lucas was employed by the Federal Government between 1985 and 2007. In March 2007, Ms. Lucas was approved for both disability retirement benefits under the Federal Employees' Retirement System (FERS)—which is administered by OPM—and for disability benefits through the Social Security Administration (SSA). In July 2010, OPM notified Ms. Lucas that it had miscalculated her FERS annuity benefits, resulting in an overpayment of nearly $90,000. Ms. Lucas requested reconsideration, and on April 8, 2013, OPM issued a final reconsideration decision affirming its overpayment decision and denying waiver. OPM attributed the overpayment to: (1) failure to reduce Ms. Lucas' monthly annuity based on the amount she was receiving in SSA benefits, (2) failure to make deductions for her Federal Employee Health Benefit (FEHB) and Federal Employees Group Life Insurance (FEGLI) premiums, and (3) a reporting error which caused her to receive annuity payments earlier than she should have. S.A. 49, 52–53.[1]

---

[1]    Citations to "S.A." refer to the Supplemental Appendix submitted by the respondent with its briefing.

Ms. Lucas timely filed an appeal at the Merit Systems Protection Board. On July 8, 2013, an administrative judge affirmed OPM's reconsideration decision, *Lucas v. Off. of Pers. Mgmt.*, No. SF-0845-13-0413-I-1 (M.S.P.B. July 9, 2013) (hereinafter, *First Initial Decision*); S.A. 90–100. The administrative judge concluded that $47,736 of the overpayment was caused by the failure to account for Ms. Lucas' SSA benefits, while the remaining $41,900 in overpayment was caused by other errors. The administrative judge determined that Ms. Lucas was not entitled to waiver of the overpayment because Ms. Lucas did not detrimentally rely on OPM's miscalculations and recovery was not unconscionable. The Board denied Ms. Lucas' subsequent petition for review and affirmed the administrative judge's initial decision. *Lucas v. Off. of Pers. Mgmt.*, No. SF-0845-13-0413-I-1, 2014 WL 5319604 (M.S.P.B. May 21, 2014) (hereinafter, *May 2014 Final Decision*); S.A. 106–14.

On Ms. Lucas' first appeal to the Federal Circuit, we determined that a document which OPM submitted for the first time during the petition for review process was new and material evidence. *Lucas I*, 614 F. App'x at 494–95. The document at issue indicated that OPM was on notice of Ms. Lucas' SSA benefits as early as October 2008 and undermined the Board's conclusion that OPM expeditiously adjusted Ms. Lucas' annuity. *Id.* Accordingly, we remanded "for proceedings limited to the Board's consideration of whether [the] new and material evidence [regarding] Lucas' SSA [benefits] would render recovery unconscionable under the circumstances." *Id.* at 495. The Board then remanded the matter to an administrative judge for further adjudication "on the limited issue identified by the Federal Circuit." *Lucas v. Off. of Pers. Mgmt.*, No. SF-0845-13-0413-M-1, 2015 WL 7737943, at ¶ 7 (M.S.P.B. Dec. 1, 2015) (hereinafter, *First Remand Order*); S.A. 121. On remand, the administrative judge again concluded that OPM's delays were not unconscionable and that Ms. Lucas could not establish her entitlement to

waiver of the overpayment. *Lucas v. Off. of Pers. Mgmt.*, No. SF-0845-13-0413-B-1, 2016 WL 4417561 (Aug. 15, 2016) (hereinafter, *Second Initial Decision*); S.A. 127–33.

Ms. Lucas filed a second petition for review with the Board, and on February 8, 2023, the Board issued a second remand order. *Lucas v. Off. of Pers. Mgmt.*, No. SF-0845-13-0413-B-1, 2023 WL 1825708 (M.S.P.B. Feb. 8, 2023) (hereinafter, *Second Remand Order*); S.A. 158–69. The *Second Remand Order* reversed the administrative judge with respect to that portion of the overpayment attributable to OPM's failure to account for Ms. Lucas' SSA benefits. "For that portion of the overpayment, the appellant is without fault and recovery would be against equity and good conscience. The remainder of the overpayment is unfortunate, but the high standard necessary for waiver is not met." S.A. 167. The Board ordered OPM to issue a second reconsideration decision that waived the portion of overpayment tied to Ms. Lucas' SSA benefits and provided Ms. Lucas with the right to file a petition for enforcement if she believed that OPM did not comply. S.A. 169. On March 22, 2023, OPM issued Ms. Lucas a new reconsideration decision which waived $47,736.00 of her debt, the total amount of overpayment caused by OPM's failure to account for Ms. Lucas' SSA benefits. S.A. 144–45. Because OPM had already recovered an additional $5,405.26 in overpayments, it determined that Ms. Lucas' remaining balance due was $36,494.74. S.A. 145.

Ms. Lucas again appealed, arguing that OPM could not recover the portion of overpayment attributable to its collection of FEHB and FEGLI premiums. The administrative judge dismissed the appeal, and, to the extent the appeal could be construed as a petition for enforcement, denied the petition for enforcement. *Lucas v. Off. of Pers. Mgmt.*, No. SF-0845-13-0413-C-1, 2023 WL 4551776 (July 13, 2023) (hereinafter, *Third Initial Decision*); S.A. 9–23. The administrative judge found that OPM had successfully complied with the Board's Second Remand Order by waiving the

portion of Ms. Lucas' overpayment that was attributable to a failure to adjust for her SSA benefits. S.A. 15.

The administrative judge also found that the Board lacked jurisdiction over Ms. Lucas' remaining arguments regarding the deduction of FEHB and FEGLI premiums. To the extent Ms. Lucas was claiming that she was entitled to waiver for the overpayments attributable to OPM's failure to make the appropriate deductions, the administrative judge found that this issue was foreclosed by law of the case doctrine because it had already been decided she was not entitled to such waiver in the *First Initial Decision.* S.A. 16–17. To the extent Ms. Lucas was arguing that OPM violated her due process rights by failing to inform her that she could challenge the merits of the FEHB and FEGLI deductions in federal court pursuant to 5 U.S.C. § 8715, the administrative judge found that this issue was also foreclosed by law of the case doctrine because Ms. Lucas abandoned her due process claims in her petition for review of the *First Initial Decision.* S.A. 18–19. Finally, the administrative judge found Ms. Lucas' arguments regarding the lawfulness of OPM's efforts to collect the FEHB and FEGLI premiums were beyond the Board's limited jurisdiction. S.A. 20–23.

Ms. Lucas again sought review by the Board. The Board denied her petition and adopted the Third Initial Decision as the Board's final decision. *Lucas v. Off. of Pers. Mgmt.*, No. SF-0845-13-0413-C-1, 2024 WL 3913186, at *1 (M.S.P.B. Aug. 22, 2024) (hereinafter, *August 2024 Final Decision*); S.A. 1–8. Ms. Lucas timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

The scope of our review in an appeal from the Board is limited. *See Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained

without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020). "Whether the [B]oard has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. The petitioner has the burden of establishing, by a preponderance of the evidence, that the [B]oard has jurisdiction over an appeal." *Ricci v. Merit Sys. Prot. Bd.*, 953 F.3d 753, 756 (Fed. Cir. 2020) (internal citations omitted).

## III

As a result of the Board's Second Remand Order, OPM waived the portion of overpayment attributable to Ms. Lucas' receipt of Social Security Administration benefits. The only amount of overpayment at issue on appeal is the portion attributable to OPM's failure to make proper deductions for her health and life insurance premiums.

Ms. Lucas appears to raise two arguments as to why OPM cannot recover that overpayment. First, she argues that the Board lacked jurisdiction to consider her debt for insurance premiums, and that both OPM and the Board erred in failing to advise her of her right to challenge the validity of the overpayment attributable to her insurance premiums in federal court. Pet. Inf. Br. at 7–8. Second, she argues that OPM's collection of overpayments attributable to her insurance premiums was barred by the applicable statute of limitations. *Id.* at 14–16. As we explain below, the Board did not err—it acted within its jurisdiction in finding that Ms. Lucas was not eligible for waiver of her debt and appropriately found that it lacked jurisdiction to consider her additional arguments regarding notification obligations and the statute of limitations.

## A

Ms. Lucas' first set of concerns pertain to "jurisdictional issues." *Id.* at 14. She correctly notes that the Board

lacks jurisdiction to review the merits of underlying FEHB and FEGLI charges. *Id.* at 8; *see Miller v. Off. of Pers. Mgmt.*, 449 F.3d 1374, 1378 (Fed. Cir. 2006) ("[W]hen OPM seeks to offset an employee's salary or retirement benefits to collect a debt, the Board does not have jurisdiction over the merits of the underlying dispute that gave rise to the debt."). But this point does not advance her case. The Board never ruled on the merits of the underlying charges for insurance premium. In its *Second Remand Order*, the Board only affirmed that Ms. Lucas had not established sufficient grounds for waiver of recovery. S.A. 167. The *Third Initial Decision*, adopted by the Board in the *August 2024 Final Decision*, held that the Board was barred from reconsidering the issue. S.A. 16–17.

Since the outset of her case, the Board has properly acknowledged its limited jurisdiction and acted consistently with that jurisdiction. As explained in the *Third Initial Decision*, where OPM offset Ms. Lucas' annuity to collect a debt for FEHB and FEGLI premiums, "the Board's jurisdiction extends only to two collateral matters:" (1) whether Ms. Lucas had been afforded due process prior to OPM's efforts to collect overpayment, and (2) whether she had established grounds for waiver of collection. S.A. 21; *see also Miller*, 449 F.3d at 1380–81. The Board never exceeded this limited jurisdiction. In the *First Initial Decision*, the administrative judge only considered whether the premium deductions were proper in the context of determining that Ms. Lucas was afforded due process by OPM. S.A. 94. The administrative judge also considered the premiums to determine whether Ms. Lucas had established a sufficient ground for waiver and found that she had not. S.A. 95–100. The Board's *Second Remand Order* affirmed that, with regards to overpayment attributable to OPM's failure to make deductions for insurance premiums, "the high standard necessary for waiver is not met." S.A. 167.

Following the *Second Remand Order*, Ms. Lucas continued to assert her due process claims but we find that she fails to make out a cognizable due process claim against either OPM or the Board.[2] She does not claim that OPM or the Board misled her into believing that she could challenge the merits of the debt for insurance premiums before the Board. She also does not cite to any authority which suggests that OPM or the Board was obliged to inform her of separate appeal rights in an entirely different venue, namely, federal district court or the United States Court of Federal Claims, pursuant to 5 U.S.C. § 8715. Though "pro se pleadings are to be liberally construed," *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citations omitted), Ms. Lucas' informal brief does not even label the lack of legal guidance she received as a denial of "due process." *See generally* Pet. Inf. Br. at 7–14. Although we understand that information about separate appeal rights would have been useful to Ms. Lucas, the fact that Ms. Lucas was not given this information does not appear to invoke any rights or implicate constitutional concerns.

---

[2]     The administrative judge in the *Third Initial Decision* rejected Ms. Lucas' due process claims under the law of the case doctrine. It is unclear whether that doctrine would apply to this situation. *See Ford-Clifton v. Dep't of Veterans Affs.*, 661 F.3d 655, 660 n.2 (Fed. Cir. 2011) (expressing some hesitancy as to whether "the law of the case doctrine is available to agencies at all"). Rather than law of the case, it might be more appropriate to find that Ms. Lucas forfeited her due process arguments because she did not raise them before the Federal Circuit or the Board in her first round of appeals. But we decline to base our decision on either law of the case doctrine or forfeiture because, as explained above, Ms. Lucas does not have a cognizable due process claim relating to her premiums.

## B

Ms. Lucas' second set of concerns on appeal regard the lawfulness and propriety of OPM's collection of her debt for FEHB and FEGLI premiums. Specifically, she believes that the applicable statute of limitations bars recovery of the overpayments by OPM. Pet. Inf. Br. at 14–16 The *Third Initial Decision*, adopted by the Board, correctly explains "[t]o the extent the appellant contends that OPM's efforts to collect the assessed premiums are improper or unlawful . . . generally [those claims] are beyond the Board's jurisdiction. . . . [T]he Board does not have the jurisdiction to consider the existence of, amount of, or liability for" debt owed for FEHB and FEGLI premiums. S.A. 20–21 (citing *Miller*, 449 F.3d at 1377–78, 1381). OPM's compliance with the applicable statute of limitations does not fall within the Board's limited jurisdiction (outlined above) because it directly implicates the validity of the debt. We therefore affirm the Board's finding that it lacks jurisdiction to consider this argument.

## IV

We have considered Ms. Lucas' remaining arguments and find them unpersuasive. Because the Board's decision is in accordance with law, we affirm.

**AFFIRMED**

COSTS

No costs.